MERCEDES FIGUEROA-RODRÍGUEZ ET AL., Plaintiffs and Appellees, *v.* PEDRO RAFAEL RAMÍREZ, Defendant.—DANIEL BUONOMO LÓPEZ, Appellant.

No. 4127. Argued February 11, 1927.—Decided June 14, 1927.

*Daniel Buonomo* appeared by brief. *Julio Reguero González* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Mercedes Figueroa Rodríguez and her husband, Rafael L. Castellón, instituted in the District Court of Humacao foreclosure proceedings for the collection of two debts, with interest and costs, secured by mortgages created by the debtor, Pedro Rafael Ramírez, on a certain property situated in Caguas.

It was ordered that demand for payment be made on the debtor and notice be given to Daniel Buonomo who, as appeared from the registry, had a third mortgage on the same property.

After payment had been demanded and notice had been given Buonomo appeared and deposited with the court the sum of $786.50 to pay the credits of the foreclosing mortgagees, moving that it be admitted and approved and that the proceeding be continued in his name as subrogated to the rights of the foreclosing mortgagees.

According to the initial document a claim is made for $650 as principal, $160.18 as interest already due at the rate of one percent monthly as per agreement and $200 for costs, expenses and attorney's fees, making a total of $1,010.18.

Buonomo deposited, as we have said, the sum of $786.50, contending that the foreclosing mortgagees were entitled to claim as against a third person only the sums of $36.50 as interest and $100 as costs.

The court decided against Buonomo and in part said:

"Since it appears from the mortgage deeds as well as from their records in the registry of property that it had been agreed that the interest would run from the date of the mortgage until its total payment, we find that it is not proper to compute the interest only during the life of the loan, but up to the total settlement of the debt.

"As to the amount stipulated for attorney's fees and expenses, we think that the amount deposited is insufficient to cover costs and attorney's fees, although the two mortgages had been joined into a single proceeding."

Buonomo took the present appeal and assigned two errors.

The appellant alleges, and we are in full accord with him, that the foreclosing mortgagees can claim as against third persons only that which is shown in the registry.

Let us see whether under this rule there is here a right to claim $160.18 as interest due but not paid, or only $36.50.

By the first mortgage deed executed on the 8th of February, 1923, the debtor promised to pay on the 8th of August of the same year the sum of $400, and by the second mortgage deed, executed on the 8th of March, 1923, he bound himself to pay the sum of $250, also on the 8th of August of the same year.

The appellant contends that the only amount that can be claimed as against third persons is the interest up to the date of maturity.

What was the agreement made and recorded in the registry? The answer is contained in the certificate issued by the registrar of property accompanying the motion of the appellant. Referring to the $400 loan, it says: "The said loan shall bear interest at the rate of one percent monthly *from the date of the deed until its total reimbursement,* payable at the end of each month at the residence of the lender. . . And as security for the $400 as principal, *plus interest thereon* at the rate stipulated and one hundred dollars for costs, expenses and attorney's fees . . . *he constitutes a voluntary mortgage* on the house and lot described, . . ." (Italics ours). The second transaction was likewise recorded.

The question raised is decided by the Mortgage Law itself. Section 114 thereof reads as follows:

"A mortgage constituted to secure a credit which earns interests, shall secure with regard to third persons, in addition to the principal, only the interest for the two years last past and that part of the current year which may have accrued."

·As has been pointed out by the appellees, a mere arithmetical operation shows that they claimed the amounts of interest due and not paid corresponding to two years past and to the current year, in the exercise of the right given to them by the agreement, the registry and the law.

The second contention of the appellant is that as the foreclosing mortgagees instituted a single proceeding, they had no right to claim more than one hundred dollars for costs, expenses and attorney's fees.

It is clear that the appellant is wrong. The contracts and the registry speak for themselves and specify the sum of one hundred dollars in each case of foreclosure. A person who desires to be subrogated to the place of another must cover in his offer and by his deposit as much as the other may be entitled to.

The appeal has no foundation and must therefore be dismissed and the judgment appealed from affirmed.